**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ**, <br><br> Plaintiff, <br><br> v. <br><br> **PREEMINENT PROTECTIVE SERVICES, INC.**, <br><br> Defendant. | Case No. 1:17-cv-01679 (TNM) |

## MEMORANDUM ORDER

Preeminent Protective Services, Inc. ("Preeminent") delayed court-ordered arbitration for over a year without cause.  So the Court held Preeminent in contempt and ordered it to repay Service Employees International Union Local 32BJ (the "Union") for unnecessary attorney fees. *See Serv. Emps. Int'l Union Local 32BJ v. Preeminent Protective Servs., Inc.*, 415 F. Supp. 3d 29 (D.D.C. 2019); Order (11/8/2019), ECF No. 55.  Preeminent appealed to the D.C. Circuit and has now moved to stay the Court's Order pending appeal.  The Union has cross-moved for another contempt order.  For the following reasons, the Court will deny Preeminent's motion for a stay, direct Preeminent to pay the fee award, and grant in part and deny in part the Union's motion.

**I.**

The Court's previous opinion thoroughly reviewed the history of the case.  *See Preeminent*, 415 F. Supp. 3d at 31–33.  As the Court said, "[d]espite a clear court Order directing the parties to arbitrate, Preeminent dragged its feet for over a year.  It took dozens of attorney hours, three show cause hearings, two failed arbitrations, and a civil contempt Order for Preeminent to comply." *Id.* at 31.  The Court found that Preeminent's sanctioned conduct directly cost the Union $51,097.20 in attorney fees and expenses. *Id.* at 34–37.  And the Court

rejected Preeminent's argument that it could not pay, finding its evidence "scant and unpersuasive" and "dubious." *Id*. at 37–38.  The Court ordered Preeminent to pay the full award within 60 days.  Order (11/8/2019).

Preeminent appealed to the D.C. Circuit, where the parties' appellate briefs are still pending.  *See* Not. of Appeal, ECF No. 56; Docket, Case No. 19-7157 (D.C. Cir.).  Then just before its payment deadline, Preeminent moved here to stay the Order pending appeal.  Def.'s Mot. to Stay, ECF No. 60.  The Union cross-moved for a new contempt order.  *See* Pl.'s Cross-Mot., ECF No. 62.  Now both motions are fully briefed and ripe for decision.

**II.**

"A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal[.]"  Fed. R. App. P. 8(a)(1).  A stay may be appropriate when an Order touches "an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained."  *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844–45 (D.C. Cir. 1977).

The Court considers four factors:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *see also Va. Petroleum Jobbers Ass'n v. FPC,* 259 F.2d 921, 925 (D.C. Cir. 1958).  The question depends on a "balance of the equities."  *Washington Metro. Area Transit Comm'n*, 559 F.2d at 843.  But the first two factors—likelihood of success on the merits and irreparable harm—are the most critical.  *Nken v. Holder*, 556 U.S. 418, 434 (2009).

**III.**

With this balance in mind, the Court weighs Preeminent's request and finds it wanting.

*First*, Preeminent has not shown it is likely to succeed on the merits. Here Preeminent repeats its familiar refrain that it "complied with the Court's orders concerning arbitration." Def.'s Mot. to Stay at 2. But this betrays the facts, as the Court has reviewed before. *See Preeminent*, 415 F. Supp. 3d at 31–33. Recall that Preeminent forced the recusals of two arbitrators and appeared for three show cause hearings before it eventually "complied." *See id.*; *cf.* Def.'s Mot. to Stay at 2. By then, 418 days had passed since the Court's first Order and Preeminent was facing a $20,000 civil contempt penalty. *Preeminent*, 415 F. Supp. 3d at 31–33. This was hardly willing compliance.

Nor is Preeminent likely to prevail with its argument that the Court's Order was "criminal rather than civil or compensatory." Def.'s Mot. to Stay at 2. Indeed, the Court was exceedingly careful to "closely calibrate[]" its award only "to Preeminent's bad faith," excluding from the calculus "any punitive reason." *Preeminent*, 415 F. Supp. 3d at 37 (citing *Goodyear Tire*, 137 S. Ct. 1178, 1186 (2017)). "It is not enough that the chance of success on the merits be better than negligible." *Nken*, 556 U.S. at 434 (quotation omitted). Yet Preeminent's rehashing of old arguments with no legal authority raises hardly a specter of success.

*Second*, even if Preeminent's appeal succeeds, it must also show that denying the stay will deal irreparable injury. It will not. Preeminent says—once again, without legal or factual support—that it cannot secure the money to satisfy the Court's judgment. Def.'s Mot. to Stay at 1. Indeed, the Union points to evidence suggesting that much of Preeminent's alleged financial distress is illusory. *See* Pl.'s Reply at 2, ECF No. 64 ("Preeminent cites a criminal indictment . . . claiming that it was victimized by fraud. . . . [T]his indictment and plea agreement do not

mention Preeminent – the fraud victims are identified as individual investors[.]" (citing *United States v. Dunn*, No. 19-cr-00174-LO (E.D. Va.), ECF No. 1)).

But even if Preeminent's financial distress is real, it is compensable dollar-for-dollar. "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Va. Petroleum Jobbers*, 259 F.2d at 925. A successful appeal would return the fee to Preeminent, precisely the type of "compensatory or other corrective relief . . . [that] weighs heavily against a claim of irreparable harm." *Id*. So the Court is unconvinced by Preeminent's bald assertion that it "will be decimated or non-existent by the time the Court of Appeals reaches such a decision." Def.'s Mot. to Stay at 3.

*Finally*, the balance of harms and public interest do not support a stay. Although granting the stay may not "substantially injure" the Union, *Hilton,* 481 U.S. at 776, it is still entitled to compensation for the dozens of hours wasted in response to Preeminent's conduct, *see Preeminent*, 415 F. Supp. 3d at 38. And even if the public interest is not a strong factor here, it tilts toward timely enforcement of the Court's careful judgment. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

Weighing these factors shows that the two most important considerations—the likelihood of success on the merits and irreparable harm—both counsel against a stay. *See Nken*, 556 U.S. at 434. The Court will not stay its judgment pending appeal where Preeminent has failed its "obligation to justify the court's exercise of such an extraordinary remedy." *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985).

The Court next considers the Union's motion to again hold Preeminent in contempt. *See* Pl.'s Cross-Mot. The Union moves for an order that Preeminent "immediately pay[] the $51,097.20 contempt award or post[] a bond in that amount," plus "further remedies to compel compliance as the Court deems necessary." *Id*. at 2.

The Union argues that the Court should hold Preeminent in further contempt because Preeminent's motion to stay did not relieve its obligation to pay the ordered fee award. *Id*. at 3 (citing *Am. Rivers v. U.S. Army Corps of Engineers*, 274 F. Supp. 2d 62, 68 (D.D.C. 2003)). This is true, as far as it goes. But Preeminent counters that it moved for the stay before the Court's deadline and acted in good faith. *See* Def.'s Opp'n, ECF No. 65. Absent clear evidence to the contrary, the Court will not impose more sanctions in response to a procedurally permitted motion. *Cf. Comm. on Oversight & Gov't Reform v. Holder*, 12-cv-1332 (ABJ), 2014 WL 12662667, at *2 (D.D.C. Oct. 6, 2014) (denying contempt motion filed during pendency of a motion to stay).

Instead, having denied Preeminent's Motion to Stay, the Court will Order full payment or a bond within two weeks, absent a stay from the Court of Appeals. *See, e.g.*, Fed. R. App. P. 8(a)(2) ("A motion for [a stay] may be made to the court of appeals or to one of its judges. The motion must . . . state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.").

Yet Preeminent should not mistake this final chance. The Court's patience is burning to the wick. If Preeminent fails to comply, the Court will consider a renewed motion for additional sanctions.

## IV.

For all these reasons, and in consideration of the entire record, it is

**ORDERED** that Defendant's Motion to Stay is DENIED; and

**ORDERED** that Plaintiff's Motion for Further Contempt Order is GRANTED in part and DENIED in part; and

**ORDERED** that Defendant shall, within 14 days of this Order, pay Plaintiff $51,097.20 in attorneys' fees and expenses, or post a bond in the same amount.

**SO ORDERED**.

Dated:  May 8, 2020

TREVOR N. McFADDEN
United States District Judge